UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSUÉ S. CABRERO GONZALEZ,<br><br>Plaintiff,<br><br>-against-<br><br>WESTCHESTER DEPARTMENT OF CORRECTIONS; S. ROBINSON; R. FOLEY; WILLIAMS; VERNO; JOHN DOE BLOCK OFFICER 12/24/25, 3-11 shift; JOHN DOE SARGENT BLOCK SUPERVISOR, 3-11 shift; JOHN DOE BLOCK OFFICER 12/25/25, 7-3 shift; JOHN DOE SARGENT BLOCK SUPERVISOR, 7-3 shift; E. YOUNG; JOHN DOE, Penn transport 5/28/26; JOHN DOE, Penn transport 5/28/26; JOHN DOE, visiting room search 5/28/26; SGT JONES 0199, Supervisor SHU Penn 3-11 shift; SGT. BOLTS, Supervisor SHU Penn 7-3 shift,<br><br>Defendants. | **ORDER OF SERVICE**<br><br>26-CV-5645 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who currently is incarcerated at Westchester County Jail, brings this action *pro se*. He asserts claim, under 42 U.S.C. § 1983, for alleged violations of his constitutional rights. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

### A. Service on Named Defendants

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants Westchester County Department of Correction ("WCDOC"), S. Robinson, R. Foley, E. Young, Sgt. Jones 0199, Sgt. Bolts, Williams, and Verno.[2] The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants.

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

[2] Plaintiff has not provided full names and badge numbers for the named defendants, some of whom have common names. If the USM-285 form is returned unexecuted for any of the named defendants, the Court directs the Westchester County Law Department to provide the full name and badge number of any such defendant within 60 days of the date the waiver of service is returned unexecuted. Plaintiff describes Officer Williams, for example, as the Block Officer in the 4SE "New Jail" during the 3-11 shift on January 3, 2026. (Doc. 1 at 3.)

In addition, Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B. Identification of Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the WCDC to identify the following Doe defendants: (1) John Doe Block Officer and John Doe Seargent Block Supervisor at the "Old Jail 1K" on December 24, 2025, during the 3-11 p.m. shift; (2) John Doe Block Officer and John Doe Seargent Block Supervisor at the "Old Jail 1K" on December 25, 2025, during the 7 a.m. - 3 p.m. shift; (4) John Does 1-2 "Penn Transport" on May 28, 2026; and (5) John Doe visiting room search officer on May 28, 2026.

It is therefore ordered that the Westchester County Law Department, which is the attorney for and agent of the WCDC, must ascertain the identity and badge number of each Doe defendant whom Plaintiff seeks to sue here and the address where the defendant may be served. The Westchester County Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

As previously noted, if the USM-285 form is returned unexecuted for any of the named defendants, the Westchester County Law Department must ascertain the full name, badge number and address where such defendant may be served and provide this to Plaintiff and the Court within 60 days of the date the USM-285 form is returned unexecuted.

The Court will deem the complaint amended once the John Doe defendants are identified and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the newly named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

### C. Automatic Discovery

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is directed to mail to Plaintiff an information package and an amended prisoner civil rights complaint form.

The Clerk of Court is further instructed to (1) issue summonses for Defendants Westchester County Department of Correction, S. Robinson, R. Foley, E. Young, Sgt. Jones 0199, Sgt. Bolts, Williams, and Verno; (2) complete a USM-285 form with the address for each Defendant, and (3) deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the Westchester County Law Department at: 148 Martine Avenue, White Plains, NY 10601.

Local Civil Rule 33.2 applies to this action.

**SO ORDERED.**

Dated: White Plains, New York
July 13, 2026

PHILIP M. HALPERN
United States District Judge

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## SERVICE ADDRESS FOR EACH DEFENDANT

1. Westchester County Department of Correction
   10 Woods Road
   Valhalla, NY 10595

2. S. Robinson, Block Officer
   Westchester County Jail
   10 Woods Road
   Valhalla, NY 10595

3. R. Foley
   Westchester County Jail
   10 Woods Road
   Valhalla, NY 10595

4. E. Young
   Westchester County Jail
   10 Woods Road
   Valhalla, NY 10595

5. Sgt. Jones 0199
   Westchester County Jail
   10 Woods Road
   Valhalla, NY 10595

6. Sgt. Bolts
   Westchester County Jail
   10 Woods Road
   Valhalla, NY 10595

7. Correction Officer Williams
   Westchester County Jail
   10 Woods Road
   Valhalla, NY 10595

8. Correction Officer Verno
   Westchester County Jail
   10 Woods Road
   Valhalla, NY 10595