UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSUE S. CABRERO GONZALEZ,

Plaintiff,

-against-

WESTCHESTER DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

**ORDER OF SERVICE**

26-CV-05645 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, currently incarcerated at Westchester County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Plaintiff filed an Amended Complaint which names Westchester Department of Corrections and Phillipson as Defendants. (Doc. 10).[1]

Because Plaintiff has been granted permission to proceed *in forma pauperis* (IFP), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and Amended Complaint until the Court

[1] Plaintiff, in his Amended Complaint, declined to pursue his claims against S. Robinson, R. Foley, Williams, and Verno, who were named as defendants in the original complaint, as well as the John Doe defendants described in the original complaint. (*Compare* Doc. 1, *with* Doc. 10). Plaintiff's Amended Complaint supersedes his earlier-filed complaint. *See Elliott v. City of Hartford*, 649 F. App'x 31, 32 ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.").

reviewed the Amended Complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the Amended Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Westchester Department of Corrections and Phillipson through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants.[2] The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service

---

[2] Plaintiff has not provided the full name and badge number for Defendant Phillipson. If the USM-285 form is returned unexecuted for Defendant Phillipson, the Court directs the Westchester County Law Department to provide the full name and badge number of Defendant Phillipson within 60 days of the date the waiver of service is returned unexecuted.

of the Amended Complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Westchester County Department of Corrections and Phillipson and deliver to the U.S. Marshals Service all documents necessary to effect service.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED:**

Dated: White Plains, New York
July 31, 2026

PHILIP M. HALPERN
United States District Judge

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**DEFENDANTS AND SERVICE ADDRESSES**

1. Westchester County Department of Corrections
   10 Woods Road
   Valhalla, NY 10595

2. Phillipson
   10 Woods Road
   Valhalla, NY 10595