UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSUE S. CABRERO GONZALEZ,

Plaintiff,

-against-

WESTCHESTER DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

**ORDER**

26-CV-05645 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff brings this action *pro se* and *in forma pauperis* against Defendants Westchester Department of Corrections and Phillipson. (Doc. 10). Plaintiff filed a "Motion for Judgment," which was docketed on October 9, 2026. (Doc. 22). Plaintiff's "Motion for Judgment" appears to be a request for default judgment against Defendants, though it is unclear. (*See id.*). However, Plaintiff's motion fails to comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and the Court's Individual Practices.

Further, although Plaintiff purports to have served process on Defendants (*see* Docs. 20, 21), Plaintiff is proceeding IFP and, thus, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). Thus, the Marshals, and not Plaintiff, will serve Defendants with process. Defendants have not yet been served with process, and the deadline for service on Defendants has not yet passed. (*See* Doc. 11). Plaintiff is reminded that, if his amended complaint is not served within 90 days after the date summonses are issued, he should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect

service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Accordingly, Plaintiff's "Motion for Judgment" (Doc. 22) is denied without prejudice. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 22.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: October 13, 2026
White Plains, New York

HON. PHILIP M. HALPERN
United States District Judge